IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANK MICHAEL NEFF              :

    Plaintiff                          :

v                               :          Civil Action No. RDB-06-877

STATE OF MARYLAND, *et al.*      :

    Defendants                         :

o0o

**MEMORANDUM**

The above-captioned civil rights complaint, filed April 5, 2006, alleges that Defendants deprived Plaintiff's rights in the course of his criminal trial and conviction through use of false testimony.  Paper No. 1.  Plaintiff seeks 985 million dollars and the dismissal of all criminal charges against him.  *Id*.  Because he appears to be indigent, Plaintiff's Motion to Proceed *In Forma Pauperis* shall be granted.  Paper No. 2.

This Court is obliged by 28 U.S.C. §1915A to screen prisoner complaints and dismiss complaints that are frivolous, malicious or fail to state a claim upon which relief may be granted. In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations . . . .   It must, however, hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).   When the instant claim is so reviewed, it clearly must be dismissed.

A claim for damages based upon an alleged wrongful criminal conviction may not be entertained unless the underlying conviction has been reversed, expunged, invalidated, or impugned.  *See Heck v. Humphrey*,  512 U. S. 477, 487 (1994).  Plaintiff is currently serving prison time for the criminal charges which form the basis of his claim for monetary damages.

Plaintiff's claims for damages cannot be entertained by this Court unless Plaintiff has first successfully challenged his criminal conviction. In the event that the state courts agree with his assessment of the events surrounding his arrest and as a result overturn his conviction, he may re-file this constitutional claim for damages. Until then, such claim is premature.  A separate Order dismissing the complaint without prejudice follows.


<u>April 19, 2006</u>                                    <u>/s/                                                          </u>
Date                                                     RICHARD D. BENNETT
                                                         UNITED STATES DISTRICT JUDGE